**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| Aileen Renolayan<br>5114 Point Fasdick Dr. NW, #E284<br>Gig Harbor, WA 98335<br><br>      Plaintiff,<br><br>v.<br><br>United Collection Bureau, Inc<br>5620 Southwyck Blvd Suite 206<br>Toledo, OH 43614<br><br>      Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because Defendant resides in this district under 28 U.S.C. § 1391.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9.  On or around March 10, 2008, Defendant telephoned Plaintiff's aunt ("Aunt").

10. During this communication, Defendant represented to Aunt that Defendant was a law firm looking for Plaintiff because Plaintiff was being sued.

11. During this communication, Defendant disclosed to Aunt the nature and/or existence of Plaintiff's debt.

12. During this communication, Aunt requested Defendant's contact information to provide to Plaintiff.

13. On or around March 10, 2008, Plaintiff telephoned Defendant.

14. During this communication, Defendant represented to Plaintiff that, unless Plaintiff made a substantial payment towards the debt that day, Defendant would file a civil law suit against Plaintiff.

15. During this communication, Defendant threatened to garnish Plaintiff's wages.

16. During this communication, Defendant threatened to put a lien on Plaintiff's property.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## <u>COUNT ONE</u>

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

<u>**COUNT TWO**</u>

**Violation of the Fair Debt Collection Practices Act**

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

<u>**COUNT THREE**</u>

**Violation of the Fair Debt Collection Practices Act**

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

<u>**COUNT FOUR**</u>

**Violation of the Fair Debt Collection Practices Act**

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

<u>**COUNT FIVE**</u>

**Violation of the Fair Debt Collection Practices Act**

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collection Practices Act

29. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its

conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Public Disclosure of a Private Fact

31. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

32. Defendant released information which was private to the Plaintiff and concerned Plaintiff's

private life to Plaintiff's aunt.

33. The disclosure of Plaintiff's debt and the threat of legal action to this party is highly

offensive.

34. The information disclosed is not of legitimate concern to the public.

## COUNT EIGHT

### Invasion of Privacy by Intrusion upon Seclusion

35. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

36. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and

or private concerns or affairs of the Plaintiff.

37. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in

highly offensive conduct in the course of collecting a debt, as described herein.

38. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or

private concerns or affairs.

39. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

40. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

**JURY DEMAND**

41. Plaintiff demands a trial by jury.

**PRAYER FOR RELIEF**

42. Plaintiff prays for the following relief:

    a.  Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  Judgment, in an amount to be determined at trial, against Defendant for the Public Disclosure of a Private Fact.

    d.  For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Macey & Aleman, P.C.

By: */s/ Jeffrey S. Hyslip*
Jeffrey S. Hyslip
Richard J. Meier
Sears Tower, Suite 5150
Chicago, IL 60606
Tel: 1.866.339.1156
Fax: 1.312.822.1064
jsh@legalhelpers.com
rjm@legalhelpers.com
*Attorneys for Plaintiff*